# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | In Proceedings |
| | Under Chapter 13 |
| Christopher and Sandra Kinkelaar, | |
| | BK 15-60124 |
| Debtors, | ADV 19-_____ |
| | |
| Christopher and Sandra Kinkelaar, | |
| Plaintiffs, | |
| vs. | |
| Nissan Motor Acceptance Corporation | |
| Defendant. | |

## COMPLAINT TO TURNOVER TITLE AND FOR SANCTIONS
## ACTUAL DAMAGES, PUNITIVE DAMAGES AND FEES

Comes now the Debtors, Christopher and Sandra Kinkelaar, by and through their undersigned counsel of record, submitting the following in support of this Complaint:

1. This is an action for actual and punitive damages filed by the Plaintiffs for the failure of Defendant to release its lien on the title to a motor vehicle in compliance with applicable Illinois law and for the adverse impact such State law violations have had on the applicable provisions of Title 11 of the United States Code.

2. This action is also filed to enforce the Order of Discharge duly entered in this case, and to enforce and to implement other Bankruptcy Code provisions and rules related thereto, and to prevent an abuse of process and to preclude the frustration of the orderly discharge of the claims in this case.

3. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtors in that case.

4. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

5. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

6. This matter is a non-core proceeding and the Plaintiff consents to the entry of a final order in this proceeding by the Bankruptcy Judge.

7. The Plaintiffs in this case are Debtors under Chapter 13.

8. Defendant is a corporation headquartered in Franklin, Tennessee and does business in the State of Illinois.

9. Before commencement of the Chapter 13 case, the Plaintiffs pledged security in a 2013 Nissan Rogue to Defendant as and for a lien on the vehicle and the Defendant had its security interest duly perfected by having its lien noted on the title to the vehicle issued by the Illinois Department of Motor Vehicles. The account was assigned number ending in 3515 by Defendant.

10. The claim of Nissan Motor Acceptance Corporation was treated under the confirmed plan as a secured claim to which Section 506 valuation is applicable. The plan provided for payment to Nissan Motor Acceptance Corporation in the amount of $6,046 which represented the current retail value of the vehicle.

11. The Chapter 13 case of the Plaintiff herein was commenced by the filing of a voluntary petition with the Clerk of the Court on March 27, 2015.

12. The 341(a) meeting of creditors in this case was held in Effingham, Illinois on May 14, 2015.

13. The Chapter 13 plan of the Plaintiffs herein was subsequently confirmed by order of this Court filed and entered on June 18, 2015.

14. The Defendant received notice of the 341(a) meeting from documents mailed by the Court and Defendant also received a filed copy of the Order of Confirmation.

15. On April 1, 2015, Nissan Motor Acceptance Corporation filed a sworn proof of claim (Claim #1-1) in the amount of $5,409.30.

16. Attached to Claim 1-1 was a copy of the title to the 2013 Nissan Rogue.

17. All of the monthly payments from the Trustee on the Defendant's secured claim were paid pursuant to the confirmed plan of $5,409.30 at 5.25%. Nissan Motor Acceptance Corporation was paid $5,733.56 by the Trustee. All payments were in fact received, endorsed, deposited and otherwise duly processed by the Defendant.

18. Plaintiffs made all of the required Chapter 13 Plan payments and duly completed their Chapter 13 plan. As a result, a final Discharge Order was duly entered by this Court on November 5, 2018. The Discharge Order provided in pertinent part that Plaintiffs herein was "discharged from all debts provided for by the plan." The Plaintiffs avers that this discharge extended to and included the balance of the debt to Defendant.

19. To date, neither the Plaintiffs nor their attorney has received the title to the subject vehicle with the lien released.

20. The violations of the non-bankruptcy laws as alleged herein further justify and enhance the necessity for the award of substantial and significant punitive damages in this case.

21. The actions of the Defendant after receiving notice of the discharge entered on November 5, 2018, constitute a gross violation of the discharge injunction as set forth in 11 U.S.C. Section 524 and also Illinois state law.

22. As a result of the failure of the Defendant to release its lien on the title to the subject motor vehicle the Plaintiff has found it necessary to devote countless and unnecessary hours to their efforts to secure such title and that all of this time was unwarranted and unnecessary.

23. The Plaintiffs have worried about this situation and has fears that the Defendant had some improper motive for holding the said title.

24. The conduct of the Defendant in this case has substantially frustrated the discharge order entered in this case and has caused the Plaintiff unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code.

25. As a result of the above violation of 11 U.S.C. Section 524, the Defendant is liable to the Plaintiffs for actual damages, punitive damages and legal fees under Section 105 of Title 11 of the United States Code.

26. In order to protect debtors who have completed their Chapter 13 plans and secured a full discharge thereunder, this Court should impose sanctions against the Defendant for its misconduct in this case.

27. The actions of the Defendant in this case also constitute a clear violation of Section 3-205 of the Illinois Vehicle Code (625 ILCS 5/3-205).

28. Section 3-205(a) of the Illinois Vehicle Code provides in pertinent part as follows: "Release of security interest. Within 21 days after receiving payment to satisfy a security interest in a vehicle for which the certificate of title is in the possession of the lienholder, he shall execute a release of his security interest, and mail or deliver the certificate and release to the next lienholder named therein, or, if none, to the owner or any person who delivers to the lienholder an authorization from the owner to receive the certificate."

29. The Defendant did not comply with this statute after the entry of the Discharge Order in this case.

30. The actions of the Defendant in this case have been unlawful in nature and as a result the Plaintiffs are entitled to recover damages as well as legal fees and expenses as provided for by Section 3-205(c) of the Illinois Vehicle Code.

WHEREFORE, the Plaintiffs having set forth their claims for relief against the Defendant respectfully pray of the Court as follows:

A. The Plaintiffs have and recover against Defendant a sum to be determined by the Court in the form of actual damages;

B. The Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of punitive damages;

C. The Plaintiffs have and recover against the Defendant all reasonable legal fees and expenses incurred by their attorney;

D. This Court enter an order requiring Defendant to immediately comply with the provisions of 625 ILCS 5/3-205;

E. The Defendant be required to pay to the Plaintiffs as an additional damage award in this case all funds received from the Chapter 13 Trustee during the pendency of the plan in this case; and

F. The Plaintiffs has such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

By: __/s/J.D. Graham_____
      J.D. Graham #06211732
      J. D. GRAHAM, P.C.
      Attorney for Debtors
      1 Eagle Center, Suite 3A
      O'Fallon, IL 62269
      618.235.9800
      618.235.9805 Fax
      jd@jdgrahamlaw.com